| UNITED STATES DISTRICT COURT | | C/M |
|---|---|---|
| EASTERN DISTRICT OF NEW YORK | | |
| ------------------------------------------------------------ X | | |
| NUR TALANT-UULU, | : | |
| | : | |
| Plaintiff, | : | **MEMORANDUM DECISION AND** |
| | : | **ORDER** |
| - against - | : | |
| | : | 19-cv-2417 (BMC) (CLP) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC; | : | |
| PRA GROUP INC.; EQUIFAX INFORMATION | : | |
| SERVICES LLC; TRANSUNION, LLC; and | : | |
| EXPERIAN INFORMATION SOLUTIONS, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------------ X | | |

**COGAN**, District Judge.

Plaintiff *pro se* commenced this action against the above-listed defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Defendant PRA Group, Inc. ("PRA Group"), the parent company of the actual debt collector, has moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because plaintiff has alleged only conclusions with regard to PRA Group, its Rule 12(b)(6) motion is granted.

## BACKGROUND

In his amended complaint, plaintiff generally alleges that the Portfolio Recovery defendants – both Portfolio Recovery Associates, LLC ("PRA, LLC") and PRA Group – violated the FDCPA and FCRA in taking improper actions to collect, report, and investigate plaintiff's various debts. Over the course of his 364-paragraph pleading, plaintiff details the conduct of PRA, LLC – including how PRA, LLC sent allegedly misleading collection letters to plaintiff;

how PRA, LLC responded to plaintiff's dispute letters; how PRA, LLC furnished the plaintiff's disputed debt information to various credit reporting agencies; and how PRA, LLC went about modifying its records in response to its communications with plaintiff.

As to defendant PRA Group, however, plaintiff alleges only the following:

> 7. Upon information and belief, defendant's PRA Group Inc. (hereinafter "PRA") principal place of business is located at 150 Corporate Blvd., Norfolk, VA 23502. Defendant PRA Regularly collects or attempts to collect, directly or indirectly, debts owed to or alleged to be owed to others.
>
> 8. Defendant PRA is a debt purchaser and one of the nation's largest debt buyers. The principal business purpose of Portfolio and PRA is the collection of debts using the mail and telephone.
>
> 9. Defendant Portfolio and Defendant PRA is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).
>
> 10. In this case, Defendants Portfolio and PRA acted as agents for each other and all actions taken by one entity were taken on behalf of the other entity.
>
> 11. Portfolio operates as a subsidiary of PRA, and both entities are debt collectors.
>
> 12. As such, PRA is vicariously liable for the actions of Portfolio.

Aside from these few jurisdictional and business-organizational allegations, all other references to PRA Group in the complaint are conclusory statements of liability by virtue of PRA, LLC's status as a subsidiary of PRA Group.

## DISCUSSION

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When assessing a complaint's sufficiency, the Court assumes that all of the factual allegations in it are true, but the Court disregards legal conclusions couched as factual allegations. Id. The Court of course bears in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

"In order to hold a debt collector vicariously liable for acts of the agent, the plaintiff must allege plausible facts [tending to show] that (1) the agent and principal are both debt collectors under the FDCPA; and (2) the principal has exercised control over the agent's conduct or activities." Wai Hoe Liew v. Cohen & Slamowitz, LLP, 265 F. Supp. 3d 260, 283 (E.D.N.Y. 2017). Again, such "plausible facts" must not be "naked assertion[s]" devoid of "further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotations omitted). As the Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Therefore, to avoid dismissal, the complaint must have factual allegations relating to the claim at hand that would lead a court to "draw the reasonable inference that" that PRA Group was a debt collector and that it exercised control over PRA, LLC's collection, investigation, and reporting efforts. Id. at 678.

Plaintiff has failed to allege sufficient facts to state a claim for PRA Group's vicarious liability. Plaintiff alleges, and the Court accepts, that PRA, LLC is a wholly owned subsidiary of PRA Group (Complaint ¶ 11). Moreover, the Court accepts, for the purposes of the motion before it, plaintiff's allegation that both PRA Group and PRA, LLC are debt collectors under the FDCPA (Complaint ¶¶ 7, 8, 9).

Yet the remaining allegations fail to allege sufficient facts to show, or even plausibly suggest, that PRA Group "has exercised control over" PRA, LLC's collection, investigation, or reporting efforts. See id. Although plaintiff alleges that "Defendants Portfolio and PRA acted as agents for each other and all actions taken by one entity were taken on behalf of the other entity," this is merely a "legal conclusion[] couched as [a] factual allegation[]." Iqbal, 556 U.S. at 678.

3

The same analysis holds for plaintiff's allegation that "PRA is vicariously liable for the actions of Portfolio" – this is a legal conclusion and must be disregarded for the purpose of evaluating the sufficiency of a complaint.

Plaintiff has not requested leave to amend a second time, and it is clear that no amendment could overcome the deficiencies discussed above. In his opposition memorandum, plaintiff states that he has "specifically alleged facts to his best knowledge." Nevertheless, plaintiff references for the first time in his opposition PRA Group's 2016 Form 10-K in an attempt to strengthen the allegations in support of his complaint. He then quotes the following passage from the 10-K:

> Our business focuses upon the acquisition, collection, and processing of both unpaid and normal-course accounts receivable originally owed to credit grantors, government entities, and others. Our primary business is the purchase, collection and management of portfolios of non-performing consumer loans. The accounts we acquire are the unpaid obligations of individuals owed to credit grantors, which primarily include banks and other types of consumer, retail, and auto finance companies.

The Court has already accepted as true, for purposes of this motion, the substance of the material plaintiff cites from that document, which is also contained in paragraphs 8 and 9 of his complaint. And given that plaintiff has represented that his submissions encompass the relevant facts "to his best knowledge," the Court finds that no further amendment would result in allegations sufficient to state a claim as to PRA Group.

## CONCLUSION

PRA Group's motion to dismiss for failure to state a claim is granted. It is unnecessary to reach PRA Group's 12(b)(2) arguments. Although plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

4

taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.
See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                              _____
                                                                          U.S.D.J.

Dated:  Brooklyn, New York
         October 8, 2019